12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Juan GONZALEZ-MONTANEZ, Appellant.
 No. 93-2144.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 7, 1993.
Filed: December 10, 1993.
 
 Appeal from the United States District Court for the District of Nebraska.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Juan Gonzalez-Montanez, a Mexican national, appeals his conviction for cocaine and marijuana distribution in violation of 21 U.S.C. Secs. 841(a)(1), 846 and 18 U.S.C. Sec. 2. We affirm.
 
 
 2
 Gonzalez argues that his post-arrest statements should have been suppressed because his arrest was not based upon probable cause. On the day in question, an undercover agent had arranged to meet Gonzalez's confederate at a truck stop in North Platte, Nebraska. Surveillance officers had watched Gonzalez drive his confederate from Sterling, Colorado, to North Platte and park at the truck stop. The arresting officer then watched Gonzalez survey the cars in the parking lot, walk past the undercover agent's car, and enter the truck stop restaurant. His confederate came out of the restaurant, identified herself to the undercover agent, and the two left to complete their transaction at a nearby motel. Gonzalez was then arrested as he left the truck stop.
 
 
 3
 We review probable-cause determinations under the clearly-erroneous standard. See United States v. Bobo, 994 F.2d 524, 527 (8th Cir.), cert. denied, 114 S. Ct. 250 (1993). In this case, we agree with the district court[1] that the arresting officer knew enough to make a prudent law enforcement officer believe that Gonzalez had committed, was committing, or was about to commit a crime. See United States v. Wajda, 810 F.2d 754, 758 (8th Cir.) (police may draw reasonable inferences of criminal activity from circumstances general public might find innocuous), cert. denied, 481 U.S. 1040 (1987). Gonzalez's arrest was not "premature"-a crime was about to be committed, and his participation in the conspiracy had already begun.
 
 
 4
 Gonzalez also argues that he received defective Miranda warnings from a police officer whose competency in Spanish was questionable. This issue was not raised in the district court. The police officer, who served as translator in the subsequent interview, testified that he read the Miranda warnings as they were written in Spanish on a card, with Gonzalez reading along. Gonzalez then said that he understood and was willing to answer questions. Thus, there was no plain error. See United States v. Garrido, 995 F.2d 808, 816 (8th Cir.), cert. denied, 114 S. Ct. 330-31 (1993).
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Court Judge for the District of Nebraska